UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIEL ITTEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:12-CV-096 JD |
| | ) |
| CAROLYN W. COLVIN | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is a motion by Plaintiff's counsel for approval of attorneys' fees pursuant to 42 U.S.C. § 406(b). [DE 36]. Plaintiff Daniel Ittel brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security [DE 1]. On February 26, 2013, this Court found in Plaintiff's favor and remanded the case to the Commissioner for further proceedings [DE 30]. On May 28, 2013, the parties filed a joint stipulation relative to an attorney fee award under the Equal Access to Justice Act, and the Court accordingly awarded $6,864.80 in EAJA fees and expenses to Plaintiff [DE 33].

On remand to the Commissioner, at which point Mr. Ittel was represented by different counsel, the Commissioner approved Mr. Ittel's claim for disability insurance benefits, awarding benefits retroactive to July 2009. Those past-due benefits apparently amounted to $96,794.92, as the Commissioner withheld 25% of the award, or $24,198.73, for payment of attorneys' fees. On September 2, 2014, Mr. Ittel's litigation counsel, Barry Schultz, filed the instant motion pursuant to 42 U.S.C. § 406(b), seeking the Court's authorization of a payment of $18,198.73 of attorney fees pursuant to his contingent-fee agreement with Mr. Ittel. Under that agreement, Mr. Ittel agreed "to pay a fee for federal court work of 25% of all past-due benefits awarded . . . even if

the Court remands the matter for additional proceedings before the Social Security Administration, and benefits are paid . . . based upon that remanded proceeding." The attorney who represented Mr. Ittel on remand accepted payment of $6,000 for his services, so Mr. Schultz's request of $18,198.73 amounts to 25% of Mr. Ittel's back-due benefits ($24,198.73), less the other attorney's fee ($6,000). The Commissioner has no objection to Mr. Schultz's request.

## I. LEGAL STANDARD

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 795–96 (2002). Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court, and the combination of these fees cannot exceed 25% of a claimant's past-due benefits award. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government, and the fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Thus, under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . .". *Id*. Moreover, § 406(b) has been harmonized with the EAJA. Specifically, "Congress provided authority for awarding fees for the same work under 42 U.S.C. § 406 and the EAJA in the 1985 EAJA amendments, so long as the smaller fee is refunded to the client." *Ward v. Sullivan,* 758 F. Supp. 1312, 1315 (E.D. Mo. 1991); *see also Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)"); *Hanrahan v. Shalala,* 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("[W]hen attorney's fees are awarded under both the

SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.").

Furthermore, the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

## II. DISCUSSION

Here, Mr. Schultz requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $18,198.73 pursuant to the contingent-fee agreement for his representation of Mr. Ittel, subject to his refunding to Mr. Ittel the EAJA fee of $6,864.80. Mr. Schultz and his associates spent 34.9 hours litigating this matter, so under a lodestar approach, this would equate to $521.45 per hour. While this may seem excessive at first glance, the contingent nature of the fee brings it well in line with reasonable fees for this type of work. The Seventh Circuit has estimated that 34.95% of social security cases that are appealed to the federal courts result in the claimant's receipt of benefits. *Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011). Thus, when multiplying the hourly rate in this case by the general rate of success, the effective hourly rate becomes $182.24, which is comparable to the hourly rates that are

commonly awarded under the EAJA.[1] Mr. Schultz also has extensive experience in this practice area, and given the reduction in Mr. Schultz's request due to the fees of Mr. Ittel's subsequent counsel, his contingent fee becomes 18.8% of Mr. Ittel's recovery of past-due benefits, further justifying this request.

The quality of Mr. Schultz's work in this matter and the result he achieved for his client also demonstrate the reasonableness of his fee request. Mr. Schultz advanced four grounds for vacating the Commissioner's decision and remanding for further proceedings, and the Court found that all four arguments had merit and warranted further consideration by the Commissioner. The Court thus vacated the Commissioner's decision and remanded the matter for further proceedings, and the Commissioner subsequently awarded Mr. Ittel benefits. Through that award, Mr. Ittel not only received past-due benefits, but ongoing monthly benefits as well, which are of significant additional value and are not subject to the contingency fee.

The only factor that could weigh against Mr. Schultz's request is that he sought several extensions of time to file his briefs. Because those extensions allow past-due benefits to continue to accumulate, thus increasing the amount on which the contingency percentage is calculated, unreasonable delays can warrant the reduction of an award of attorneys' fees. *Gisbrecht*, 535 U.S. at 808. However, the extensions Mr. Schultz sought here, including one 10-day extension for the opening brief and 14-day and 28-day extensions for the reply brief, were not unreasonable, and are commonplace in this type of work. In fact, the Commissioner herself sought and received two 28-day extensions to file its response brief, which is more time than the extensions Mr. Schultz sought to file his opening and reply briefs combined. Thus, when

---

[1] Granted, this does not take into account cases where the district court remands the case but the Commissioner again denies benefits, in which case the attorneys may receive fees under the EAJA even though they will not receive a portion of the past-due benefits. However, this calculation still tempers the otherwise-excessive appearance of the rate.

considering the above factors, along with the Commissioner's lack of objection and fact that other district courts have found similar awards to be reasonable, the Court concludes that Mr. Schultz's request is reasonable and grants the request.

However, as discussed above, and as Mr. Schultz acknowledges, the lesser of the amount of attorney fees awarded under § 406(b) and under the EAJA must be refunded to the claimant. Therefore, while the Court awards Mr. Schultz $18,198.73 in fees under § 406(b), it also orders him to refund the award of EAJA fees, or $6,864.80, to Mr. Ittel. *See Gisbrecht*, 535 U.S. at 796.

### III. CONCLUSION

Mr. Schultz's Unopposed Motion for Approval of Attorney Fees pursuant to 42 U.S.C. § 406(b) is GRANTED [DE 36]. The Court ORDERS that payment by the Commissioner in the amount of $18,198.73 be paid directly to Attorney Barry A. Schultz of the Law Offices of Barry A. Schultz P.C. in accordance with the agreement signed by Mr. Ittel. The Court further ORDERS Mr. Schultz to refund Mr. Ittel $6,864.80 from that amount, which represents the amount of the EAJA award already paid to Mr. Schultz and now credited to Mr. Ittel.

SO ORDERED.

ENTERED: September 30, 2014

                                                     /s/ JON E. DEGUILIO
                                                   Judge
                                                   United States District Court